
Or... rm (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 165 | **DATE** | August 10, 2011 |
| **CASE TITLE** | Kuznowicz v. Wrigley Sales CO, LLC et al | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendant's Motion for a Protective Order (doc. # 10).

■[ For further details see attached below.]    Docketing to mail notice.

## STATEMENT

    The Defendant Prudential Insurance Company of America (Prudential) seeks a protective order precluding the Plaintiff, John Kuznowicz, from taking the depositions of two of its employees. Kuznowicz sued the Wrigley Sales Company, LLC (Wrigley) and Prudential, the third-party administrator of its Group Plan (the Plan), pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. (ERISA). Specifically, Kuznowicz sought long-term disability benefits under the Plan sponsored and maintained by Wrigley and administered by Prudential. Prudential denied his claim and Kuznowicz seeks review of that decision.
    Both parties agree that deferential review of Prudential's decision is not appropriate because the Plan's language is insufficient to confer discretion upon the administrator. *See Diaz v. Prudential Ins. Co. of Am.*, 424 F.3d 635, 640 (7th Cir. 2007) (*Diaz I*) (interpreting similar Plan language). Thus, the Court must review the administrator's decision *de novo*. *Id*. *De novo* review is, however, a misleading phrase. *Krolnik v. Prudential Ins. Co. of Am.*, 570 F.3d 841, 843 (7th Cir. 2009). The Court does not "review" any decision but rather makes an independent decision about how the language of the contract applies to the undisputed material facts. *Id*. Thus, the procedural happenings before the plan administrator or ERISA fiduciary are irrelevant. *Diaz v. Prudential Ins. Co. of Am.*, 499 F.3d 640, 643 (7th Cir. 2007) (*Diaz II*). To that extent, the Court has discretion to limit evidence to the record before the plan administrator or to permit additional evidence "'necessary to enable it to make an informed and independent judgment.'" *Estate of Blanco v. Prudential Ins. Co. of Am.*, 606 F.3d 399, 402 (7th Cir. 2010) (quoting *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 490 (7th Cir. 2007)).

## STATEMENT

Because *de novo* review applies, the administrator's decision, in effect, has already been set aside and the question for the Court is not whether Kuznowicz was afforded a full and fair review or whether Prudential complied with ERISA's procedural requirements. *See Walsh v. Long Term Disability overage for All Employees Located in United States of DeVry, Inc.*, 601 F. Supp. 2d 1035, 1042-43. Rather, the question before the Court is whether the evidence demonstrates that he is entitled to benefits under the language of the Plan. *Diaz II*, 499 F.3d at 643; *Walsh*, 601 F. Supp. 2d at 1043. Thus, any additional evidence that Kuznowicz hopes to discover must be evidence necessary to enable the Court to assess whether he is disabled within the meaning of the plan.

In this case, Kuznowicz seeks to take the deposition of two Prudential employees who evaluated his claim. Kuznowicz asserts, without explanation, that the discovery he seeks is not directed at Prudential's claim process. But it clearly is. Among other things, Kuznowicz believes the depositions will help him discover: (1) documentation that the employees reviewed; (2) the reliability of the evidence that the employees used; (3) the reasons why the employees believed Kuznowicz's evidence was inadequate; (4) how the employees weighed the evidence before them; and (5) whether the employees were qualified to weigh that evidence. Those issues speak only to the issue of *why* Prudential denied his claim and not whether he is disabled. None of Kuznowicz's proposed discovery, therefore, is relevant to the issues before the Court or likely to lead to admissible evidence.

Kuznowicz protests, arguing principally that "discovery is allowed under the ERISA *de novo*" standard. That argument, however, misses the point. Prudential does not dispute that some discovery might be appropriate, but argues instead that the particular discovery he seeks is not relevant. Kuznowicz relies mostly on *Krolnik* to support his argument. In *Krolnik*, the party sought to admit evidence that it had procured at its own expense that spoke to the issue of whether the plaintiff's condition was disabling. *Krolnik*, 570 F.3d at 842-43. The evidence spoke directly to a medical question — not a procedural question like the discovery that he proposes. Kuznowicz also points to *Haines v. Reliance Standard Life Ins. Co.*, No. 09 C 7648, 2010 U.S. Dist. Lexis 104625 (N.D. Ill. Sep. 9, 2010) to suggest that he should be allowed to take discovery. *Haines*, however, makes Prudential's point clear. In *Haines*, the plaintiff sought to take the deposition of a doctor to discover evidence directly relevant to the merits of the claim. *Id.* In other words, the discovery sought in *Haines* related not just to the administrator's denial of the claim, but also to the merits themselves. *Id.* Kuznowicz points to no such benefit here. The only evidence he hopes to uncover concerns Prudential's decision-making process and because Prudential's decision is of no weight under *de novo* review that issue is not before the Court.

The Court finds that Kuznowicz's proposed discovery is irrelevant to the issues before the Court and not likely to lead to the discovery of admissible evidence. Consequently, the Court finds that the proposed depositions of Prudential's claims handlers is unduly burdensome. The Court GRANTS Prudential's request for a protective order and forbids the depositions of Cheryl McDermott and Peggy Perez.

*Wm. J. Hibbler*